Hon. C.J. Wilde, County Auditor
Nueces County
Corpus Christi, Texas

Dear Sir:

Opinion No. O-1127
Re: May the County Tax Assessor-Collector or his deputies retain Notary fees for acknowledging transfers of ownership of automobiles, etc. under the facts set forth?

Your request for an opinion on the questions as are herein stated has been received by this office.

Your letter reads, in part, as follows:

"1. Is the County Tax Assessor-Collector or his or her deputies, entitled to charge for and retain Notary fees for acknowledging transfers of ownership of automobiles, etc., where such work is done during regular working hours, or must such fees, if charged, be turned over to the County?

"2. Would your opinion be the same if the Notaries (or the Tax Assessor-Collector) personally paid the fees for their right to act as Notaries?"

Article 7246a, Revised Civil Statutes, reads as follows:

"The Assessor and Collector of Taxes, Sheriff, or Sheriff and Assessor and Collector of Taxes, are hereby authorized and empowered, to administer all oaths necessary for the discharge of the duties of

their respective offices, and to administer all oaths required for the transaction of business of their respective offices."

The last two paragraphs of Article 3891, Revised Civil Statutes, read as follows:

"The compensations, limitations and maximums herein fixed in this Act for officers shall include and apply to all officers mentioned herein in each and every county of this State, and it is hereby declared to be the intention of the Legislature that the provisions of this Act shall apply to each of said officers, and any special or general law inconsistent with the provisions hereof is hereby expressly repealed in so far as the same may be inconsistent with this Act.

"The compensation, limitations and maximums herein fixed shall also apply to all fees and compensation whatsoever collected by said officers in their official capacity, whether accountable as fees of office under the present, and any law, general or special, to the contrary is hereby expressly repealed. The only kind and character of compensation exempt from the provisions of this Act shall be rewards received by Sheriffs for apprehension of criminals or fugitives from justice and for the recovery of stolen property, and moneys received by County Judges and Justices of the Peace for performing marriage ceremonies, which sum shall not be accountable for and not required to be reported as fees of office."

Article 6685, Revised Civil Statutes, reads as follows:

"When any person, other than a dealer, sells a vehicle subject to registration

hereunder, he shall indorse upon his certificate of registration a written transfer of the same. The purchaser of such motor vehicle shall pay to the county tax collector of the county of his residence a transfer fee of one dollar, with his full name and address, and he shall then be regarded as the owner thereof and amenable to the provisions of this law."

In opinion No. O-33, this department held that a Tax Assessor-Collector and his deputies are not prohibited by law from holding the office of Notary Public while holding the office of Tax Assessor-Collector or deputies of such office.

In opinion No. O-921, this department held that a County Clerk may charge and collect for services performed by request which are not a part of the duties of his office, provided that the services so rendered do not conflict with his official duties and are not in violation of the law. The statutes impose no duty upon the Tax Assessor-Collector or his deputies to acknowledge transfers of ownership of automobiles. Any officer who is authorized to administer oaths or take acknowledgments may properly acknowledge such transfers of ownership.

You are respectfully advised that it is the opinion of this department that the Tax Assessor-Collector or his deputies who are duly qualified Notaries may perform such services as taking the acknowledgments for transfers of ownership of automobiles by request, and personally retain such fees.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:omb

APPROVED SEP 8, 1939
Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN